Cite as: 609 U. S. ____ (2026)          1

# SUPREME COURT OF THE UNITED STATES

## ALAN M. DERSHOWITZ *v.* CABLE NEWS NETWORK, INC.

### ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

No. 25–770.    Decided June 29, 2026

The petition for a writ of certiorari is denied.

JUSTICE THOMAS, with whom JUSTICE GORSUCH joins, dissenting from the denial of certiorari.

Alan Dershowitz sued respondent, a major news network, alleging that it defamed him. Because Dershowitz is a "public person," our precedents required him to prove not only the elements of common-law defamation, but also that the network acted with "actual malice." See *Gertz* v. *Robert Welch, Inc.*, 418 U. S. 323, 327–328, 342 (1974). Predictably, Dershowitz did not prevail under that exacting standard, which this Court created in *New York Times Co.* v. *Sullivan*, 376 U. S. 254 (1964). Dershowitz now asks this Court to overrule *Sullivan* and related precedents.

The "actual malice" standard for public figures "bears 'no relation to the text, history, or structure of the Constitution.'" *Berisha* v. *Lawson*, 594 U. S. ___, ___ (2021) (THOMAS, J., dissenting from denial of certiorari) (slip op., at 2) (quoting *Tah* v. *Global Witness Publishing, Inc.*, 991 F. 3d 231, 251 (CADC 2021) (Silberman, J., dissenting); emphasis deleted); see also *Gertz*, 418 U. S., at 370–371, 380–381 (White, J., dissenting); 153 F. 4th 1189, 1206 (CA11 2025) (case below) (Lagoa, J., concurring). Instead, the founding generation believed that, if anything, public figures had stronger claims for damages when they were defamed. See *McKee* v. *Cosby*, 586 U. S. 1172, 1177 (2019) (THOMAS, J., concurring in denial of certiorari). I and others have thus called for reconsideration of the actual-malice

THOMAS, J., dissenting

standard for public figures.  See, *e.g.*, *Berisha*, 594 U. S., at ___ (GORSUCH, J., dissenting from denial of certiorari) (slip op., at 8); *Tah*, 991 F. 3d, at 251 (opinion of Silberman, J.); *Gertz*, 418 U. S., at 370–371 (opinion of White, J.).  I would have granted certiorari to do so in this case.